GREG L. KIRAKOSIAN (SBN 294580)
  [greg@kirakosianlaw.com]
ASTINA T. SHAKILYAN  (SBN 339649)
  [tina@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
G.M., a minor by and through TANYA BAEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| G.M., a minor by and through TANYA BAEZ, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHINO, OFFICER MATTHEW SOLANO, CHINO VALLEY UNIFIED SCHOOL DISTRICT, and DOES 1–10, <br><br> Defendants, | **Case No.:  5:25-cv-03224-SP** <br><br> **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Unlawful Search and Seizure (42 U.S.C. § 1983); <br> 2. Violation of Bodily Integrity (42 U.S.C. § 1983); <br> 3. Violation of Equal Protection (42 U.S.C. § 1983) Negligence; <br> 4. Violation Of Title IX, 20 U.S.C. §§ 1681-1688; <br> 5. Sexual Assault (Civ.Code §52.4, Penal Code §647.6); <br> 6. Negligence; <br> 7. Sexual Battery (Civ. Code § 1708.5, Penal Code §288(a)); <br> 8. False Imprisonment; <br> 9. Negligent Hiring, Supervision, or Retention; <br> 10. Sexual Harassment (Civ. Code §51.9); <br> 11. Violation of California's Civil Rights Act. <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

KIRAKOSIAN  LAW,  APC

- 1 -
**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.      Plaintiff G.M., a minor by and through Tanya Baez ("Plaintiff"), hereby files this Complaint for Damages against City of Chino, Officer Matthew Solano, Chino Valley Unified School District, and DOE Officers 1–10.

2.      As discussed in further detail herein, this Complaint arises out of a series of incidents that occurred between October of 2024 and November of 2024, at or near Magnolia Junior High School, in the City of Chino, in the County of San Bernardino. Plaintiff alleges that the Defendants´ conduct constituted or led to the violation of Plaintiff's rights.

**JURISDICTION AND VENUE**

3.      Subject matter jurisdiction is proper in the Superior Court of the State of California for the County of San Bernardino, which is a court of general jurisdiction. Personal jurisdiction over all Defendants is proper under California Code of Civil Procedure section 410.10, which provides that California courts are authorized to exercise jurisdiction over parties "on any basis not inconsistent with the Constitution of this state or of the United States."  Venue is proper under California Code of Civil Procedure section 395 in the Superior Court of the State of California for the County of Riverside because the Incident occurred and Plaintiff's injuries were sustained, in whole or in part, in the County of Riverside.

**PARTIES AND GENERAL ALLEGATIONS**

4.      At all relevant times, the individual Plaintiff G.M., a minor by and through Tanya Baez was residing in the County of San Bernardino, California.

5.      At all relevant times, Officer Matthew Solano and DOES 1–10, were individuals residing in the County of San Bernardino, California.

6.      At all relevant times, Officer Matthew Solano and DOES 1-10 were acting under the color of law within the course and scope of their employment and duties as agents for Defendants City of Chino and Chino Valley Unified School District. At all

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Chino and Chino Valley Unified School District. Pursuant to California Government Code Section 815.2, Defendant City of Chino is vicariously liable for the acts, omissions and conduct of its employees.

7. At all relevant times, Defendants City of Chino and Chino Valley Unified School District were and are governmental entities organized and existing under the laws of the State of California in the County of San Bernardino, California. Herein after, the Individual Officers, City of Chino, and Chino Valley Unified School District and DOES 1-10 will be collectively referred to as "Defendants".

8. At all relevant times, City of Chino is and was a chartered subdivision of the State of California with the capacity to be sued. City of Chino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant City of Chino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

9. At all relevant times, Chino Valley Unified School District ("CVUSD" or "School District") is and was a chartered subdivision of the State of California with the capacity to be sued. CVUSD is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant CVUSD was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

KIRAKOSIAN LAW, APC

- 3 -

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

10. Defendants City of Chino and Chino Valley Unified School District were timely served with a claim for damages on September 9, 2025, pursuant to California Government Code §§ 910, 911, and 905(m), which states that claims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual assault need not be presented in accordance with Government Code §911.2. Section 340.1 of the Code of Civil Procedure defines "childhood sexual assault" as any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by Sections 288(a) and 647.6 of the Penal Code (as alleged herein), among other sections. In an abundance of caution, Plaintiffs filed their claim for damages and hereby pursuing those state claims within 45 days of Defendants' rejection of said claims.

11. The true names and/or capacities of the Individual Officers designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

14. Plaintiff is informed and believes, and upon such information and belief,

- 4 -

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

15. Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SUMMARY OF FACTUAL ALLEGATIONS

16. The "Incidents" at issue in this action occurred between October of 2024 and November of 2024, at or near Magnolia Junior High School, in the City of Chino, in the County of San Bernardino.

17. At the time of the Incidents Officer Matthew Solano (hereinafter "Officer Solano") employed by Defendant City of Chino and CVUSD as a police officer.

18. At the time of the Incidents Officer Solano was hired, supervised, and/or retained by Defendant CVUSD as a School Resource Officer for Magnolia Junior High School.

19. At the time of the Incidents, Plaintiff was a minor enrolled as a student at Magnolia Junior High School, which is within the CVUSD. Plaintiff initially met Officer Solano on the campus of Magnolia Junior High School.

20. After meeting and having several preliminary discussions with Plaintiff, Defendant Officer Solano had numerous inappropriate conversation and interaction with Plaintiff. On one occasion, Officer Solano directed Plaintiff into a classroom on the campus of Magnolia Junior High School and the two conversed. Officer Solano, after discussing inappropriate and personal matters with Plaintiff, instructed Plaintiff

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

not to disclose the contents of their conversation to anyone else.

21.   Officer Soriano had numerous similar interactions with Plaintiff both on campus and even off campus and repeatedly instructed Plaintiff not to discuss their conversation or inform anyone that the two of them were talking and "becoming friends."

22.   One of the inappropriate interactions with Plaintiff occurred on or about October 30, 2024, at approximately 3:30pm, where Plaintiff was walking home from Magnolia Junior High School. The two spoke in a similar manner as they had previously on and off campus. Officer Solano instructed Plaintiff to enter his patrol vehicle and go for a ride.  Officer Solano drove Plaintiff to an alley near Plaintiffs home where the two continued to speak. Officer Solano asked Plaintiff for Plaintiff's social media information, including his Snapchat and Discord usernames, and gave Plaintiff his personal cellphone number so the two could continue to have private conversations.

23.   Officer Solano inappropriately, and in a sexual way, touched Plaintiff's body. Officer Solano told Plaintiff that if he ever wanted to get out of class or needed a ride, he could just give him a call, but again instructed Plaintiff not to tell anyone about their interaction. Thereafter, Officer Solano allowed Plaintiff to exit his patrol vehicle and walk home from the alley.

24.   Following the October 30, 2024 incident, Officer Solano began messaging Plaintiff through social media and instant messaging applications, Snapchat and Discord. Officer Solano even informed Plaintiff that he was on a Discord group entitled "DILP's" (This acronym stands for "Dads I'd Like to Peg"). The two continued to chat on Discord and SnapChat, and Officer Solano made numerous inappropriate conversations, including referring to Plaintiff as "cute" and other similar comments about Plaintiff's appearance. Officer Solano would make other similar texts messages to show he was thinking of Plaintiff, including sending him images or songs

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

and making comments like: "for my favorite Swiftie" – referring to Plaintiff being Officer Solano's favorite Swiftie.

25. On November 5, 2024 Officer Solano visited Plaintiff's home in his patrol vehicle and while in uniform and was waiting for him to return. Again, the two spoke about inappropriate matters and Officer Solano left.

26. At all relevant times, Officer Solano's repeated coercion, grooming, sexual harassment, and sexual assault towards Plaintiff deprived Plaintiff of his right to be secure in his person and free of interference with his bodily integrity and liberty interests as guaranteed by the Fourteenth Amendment.

27. This sort of pattern of communications, interaction, and physical contact occurred throughout October and November. Suddenly, in mid-November, Officer Solano was gone and the communications abruptly ended. In December of 2024, Plaintiff's mother Tanya Baez was contacted by Detective Marissa Pope from the Chino Sheriff's Department. Detective Pope informed her there was an active investigation involving Officer Solano and Magnolia Junior High School and that Plaintiff appeared to be involved and a victim of Officer Solano's misconduct. She arranged to meet with both Plaintiff and his mother, and scheduled an interview at a specialized child advocacy unit in San Bernardino. Plaintiff participated in this recorded forensic interview. Detective Pope met with the family again afterward, showing them just some of the screenshots of messages that had not been deleted (through automatic deletion from the applications) between Officer Solano and Plaintiff. She also went to the alley where the initial interaction and inappropriate touching took place to check for surveillance cameras. Detective Pope told Plaintiff's mother that she intended to finalize her report and submit it to the District Attorney's office for filing

28. Officer Solano has since been arrested and criminal charges have been filed against him, namely charges of Penal Code §288(a), Lewd and Lascivious Acts with a Child and Penal Code § 647.6(a)(1), Child Annoyance.

KIRAKOSIAN LAW, APC

- 7 -
**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

29.     As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff´s State and Federal civil rights.

30.     For the conduct alleged above, Plaintiff hereby bring the following causes of action:

**FIRST CLAIM FOR RELIEF**

**Unlawful Seizure in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against Officer Solano*)

31.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

32.     Between October and November of 2024, Officer Solano repeatedly communicated with, stopped, and seized the Plaintiff's person, both on and off campus without a justifiable basis.

33.     Officer Solano seized Plaintiff's person and property, and did so intentionally, in that the Officer Solano acted with a conscious objective to seize Plaintiff.

34.     Specifically, by means of force and a show of authority, Officer Solano commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

35.     At all relevant times, the encounters and inappropriate contact was not a consensual encounter – as Plaintiff was a minor – but a seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

36.     At all relevant times before Officer Solano conducted the seizures, Officer Solano did not have a warrant to conduct the seizures.

37.     At all relevant times before and at the time Officer Solano conducted the seizures, Officer Solano did not have the express consent of Plaintiff or his parents to conduct the seizures.

38.     At all relevant times before, during, and after Officer Solano conducted

KIRAKOSIAN LAW, APC

the seizures, Officer Solano did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

39. At all relevant times before and at the time Officer Solano conducted the seizures, there was no lawful or justifiable basis that would justify the seizures, the scope or length of the seizure, the physical contact, or the communications between the two.

40. When conducting the seizures, Officer Solano violated Plaintiff's rights to be secure against unreasonable seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

41. Officer Solano conducted the seizures, as described herein, and did so intentionally, in that it was their conscious objective to seize Plaintiff.

42. Based on the objective facts readily available and known to Officer Solano, no reasonable conclusion could be drawn to conclude that the seizure was reasonable or lawful under the circumstances.

43. Although not required as proof of the unlawful search and seizure, Plaintiff alleges that Officer Solano acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

44. Officer Solano violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

45. Officer Solano knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

46. Officer Solano knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

47. Officer Solano disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

- 9 -

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

48. As described above, conduct and actions of Officer Solano deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

49. Due to the conduct of Officer Solano, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

50. Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Violation of Fourteenth Amendment Right to Substantive Due Process / Bodily Integrity (42 U.S.C. § 1983)

*(Plaintiff Against Officer Solano)*

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52. Under the Fourteenth Amendment, and at the time of the incidents, Plaintiff had the right, to personal security, safety and bodily integrity. The Civil Rights Act of 1871, now codified as 42 U.S.C. §1983 as federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

53.   At all times relevant herein, Officer Solano was acting under color of state law and color of authority, using his position of power as a police officer with Defendant City and as a School Resource Officer with Defendant School District to coerce, groom, sexually harass, and sexually assault Plaintiff.

54.   Officer Solano's repeated coercion, grooming, sexual harassment, and sexual assault towards Plaintiff deprived Plaintiff of his right to be secure in his person and free of interference with his bodily integrity and liberty interests as guaranteed by the Fourteenth Amendment.

55.   Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including Defendant City and Defendant School District, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

56.   As a direct and proximate result of the said acts of Defendants, Plaintiff has suffered the following injuries and damages:

a.   Violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state-sponsored deprivation of liberty without due process of law; and

b.   Pain and suffering and emotional trauma and suffering.

57.   Plaintiff alleges that Officer Solano's coercion, grooming, sexual harassment and sexual assault towards Plaintiff deprived Plaintiff of his rights, privileges, and immunities guaranteed by the Constitution and laws of the United States set forth above, namely the Due Process Clause of the Fourteenth Amendment.

58.   Officer Solano knew that his conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

59.    Officer Solano knew that his conduct could and would likely result in further significant injury to Plaintiff or the unnecessary and wanton infliction of emotional distress upon Plaintiff.

60.    Officer Solano disregarded the risks that his conduct would likely result in a violation of rights and cause damages to Plaintiff.

61.    As a result of the misconduct alleged herein, Defendants are liable for Plaintiff´s injuries.

62.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical harm, severe emotional distress, humiliation, loss of dignity, and violation of constitutional rights.

63.    As described above, conduct and actions of the Defendants deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourteenth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

64.    Due to the conduct of the Defendants, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to PLAINTIFF´S damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

65.    Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against Officer Solano in a sum to be established according to proof.

### THIRD CLAIM FOR RELIEF

**Violation of Fourteenth Amendment Right to Equal Protection**

**(42 U.S.C. § 1983)**

*(Plaintiff Against Officer Solano)*

- 12 -

KIRAKOSIAN LAW, APC

66.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.     Under the Fourteenth Amendment, and at all relevant times, Plaintiff had the right, to personal security, safety and bodily integrity. The Civil Rights Act of 1871, now codified as 42 U.S.C. §1983 as federal law provides:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

69.     Officer Solano's sexual harassment and sexual assault of Plaintiff deprived Plaintiff of his right to be secure in his person and free of interference with his bodily integrity and liberty interests as guaranteed by the Fourteenth Amendment.

70.     As a direct and proximate result of the said acts of Officer Solano, Plaintiff has suffered the following injuries and damages:

a) Violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state-sponsored deprivation of liberty without due process of law; and

b) Pain and suffering and emotional trauma and suffering.

71.     Plaintiff alleges that Officer Solano's harassment and sexual assault of Plaintiff deprived Plaintiff of his rights, privileges, and immunities guaranteed by the Constitution and laws of the United States set forth above, namely the Due Process Clause of the Fourteenth Amendment.

72.     Officer Solano knew that his conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES

73. Officer Solano knew that his conduct could and would likely result in further significant injury to Plaintiff or the unnecessary and wanton infliction of emotional distress upon Plaintiff.

74. Officer Solano disregarded the risks that his conduct would likely result in a violation of rights and cause damages to Plaintiff.

75. As a result of the misconduct alleged herein, Officer Solano is liable for Plaintiff′s injuries.

76. As described above, the conduct and actions of the Officer Solano deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourteenth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

77. Due to the conduct of the Officer Solano, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff′s damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

78. Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff′s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff′s rights, so as to justify the assessment of punitive and exemplary damages against Officer Solano in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

### Violation Of Title IX, 20 U.S.C. §§ 1681-1688

(*Plaintiff Against Defendant Chino Unified School District*)

79. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80. The Educational Acts of 1972 passed through Congress as Public Law No. 92-318, 86 Stat. 235 (June 23, 1972) and codified at 20 U.S.C. sections 1681 through 1688. It is commonly known as "Title IX" and states (in part) that

- 14 -

**PLAINTIFF′S SECOND AMENDED COMPLAINT FOR DAMAGES**

81. "No person in the United States shall, on the basis of gender, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance."

82. The U.S. Department of Education promulgated rules to help implement Congress' intent at 34 C.F.R. §106.1, which became effective in 1975. The United States Department of Education in their *Office for Civil Rights* issued policy guidance on discriminatory harassment. They did so regarding harassment based upon sex ["Title IX"] (*see* 62 Fed. Reg. 12034 [Mar. 13, 1997]). These rules made it abundantly clear that school personnel must understand their legal obligations to address harassment based upon sex, gender and gender stereotypes and further, that they were in the best position to recognize and prevent the harassment, to lessen the harm to students if, despite their best efforts, harassment continued to occur and most importantly, remedy the effects of the harassment.

83. At all relevant times applicable to this action, Magnolia Junior High School, which is and was a part of Defendant School District, is and was a public school which received federal funding, subject to the statutory requirements of Title IX: Education Amendments Act of 1972 (20 U.S.C. 1681), and was required to have applicable policies in place to prevent sexual harassment and sexual assault of students, including Plaintiff.

84. At all relevant times, and at the time of the Incidents, Officer Solano was hired, supervised, and/or retained by Defendant School District as a School Resource Officer for Magnolia Junior High School, where Plaintiff was enrolled as a student.

85. At the time of the Incidents, and at all relevant times, Defendant School District had no policy in place to prevent sexual harassment, sexual assault, and grooming by School Resource Officers towards students, including Plaintiff.

86. At all relevant times, Defendant School District had a contract with Defendant City. Pursuant to this contract, Officer Solano was a School Resource Officer at Magnolia Junior High School, which is within the Chino Unified School

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

District.

87.    In August of 2025, Defendants School District and City renewed the aforementioned contract.

88.    In August of 2025, Defendant School District implemented after-the-fact policy changes to its School Resource Officer program, prohibiting officers from being alone with students in their office or any closed-door room and mandating that body cameras are activated during student contact. Another after-the-fact change now only allows searches to be conducted by school personnel unless the search involves weapons or safety issues that require immediate action.

89.    As set forth above, the absence of an official policy, at the time of the Incidents, and lack of regulation by Defendant School District concerning sexual harassment, sexual assault, and grooming of students by School Resource Officers violated Title IX, because the absence of a policy and lack of regulation itself reflects deliberate indifference to reports and prevention of sexual harassment, sexual assault, and grooming of students.

## FIFTH CLAIM FOR RELIEF

### Sexual Assault (Civil Code §52.4, Penal Code §647.6)

(*Plaintiff Against All Defendants*)

90.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

91.    This cause of action is brought pursuant to California Civil Code Section 51.9. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured by the Constitution and laws of California including, but not limited to, the right to be free from sexual harassment by law enforcement officers.

92.    Officer Solano had a professional relationship with Plaintiff through his role as a School Resource Officer for Magnolia Junior High School and Defendant

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

School District while Plaintiff was an enrolled student at Magnolia Junior High School.

93.    Officer Solano violated Plaintiff's civil rights and subjected him to coercion, grooming, sexual harassment, and sexual assault.

94.    Officer Solano engaged in conduct of a sexual nature towards PLAINTIFF, namely sexually touching Plaintiff.

95.    Officer Solano's conduct alleged herein violated Penal Code §647.6, which penalizes annoying or molesting a child under 18 years old.

96.    In committing the acts as described herein, Officer Solano acted under color of law to deprive Plaintiff of his civil rights as guaranteed by California Civil Code Section 51.9.

97.    As a direct and proximate of the Defendants, Plaintiff suffered special and general damages, including physical injuries and mental suffering, and continues to experience non-economic loss including mental suffering, in an amount to be determined at trial.

98.    Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including Defendants City of Chino and School District, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

99.    Defendants are therefore liable for Plaintiff's injuries. Among the resulting actual damages and injuries Plaintiff suffered include severe emotional trauma and mental anguish, pain, fear, depression, anxiety, among a host of other problems.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

100.   Officer Solano's actions constituted outrageous conduct because he knowingly abused his position of authority and knew that the Plaintiff was particularly vulnerable to emotional distress because he was a minor at the time.

101.   Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

## SIXTH CLAIM FOR RELIEF

### Negligence

#### (*Plaintiff Against All Defendants*)

102.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103.   At all relevant times, Plaintiff was a minor student entitled to reasonable care, safety, and protection from harm while under the authority of law enforcement officers employed by Defendant City of Chino and contracted to provide security services for Defendant School District.

104.   At all relevant times, the Officer Solano was acting with the complete authority and ratification of his principal, Defendants City of Chino and School District. Pursuant to California Government Code Section 815.2, Defendants City of Chino and School District are vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

105.   Defendants owed Plaintiff a duty of reasonable care to avoid causing foreseeable harm, including a duty to protect Plaintiff from sexual grooming, abuse, and exploitation by those entrusted with authority over him.

106.   Defendants knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff.

107.   Officer Solano breached this duty of care by engaging in a course of

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

sexual grooming, coercion, harassment, and ultimately sexually assaulting Plaintiff. Such conduct was intentional, malicious, and in reckless disregard of Plaintiff's rights and safety.

108.  Defendants breached its duty of care to Plaintiff, by (1) failing to exercise reasonable care in hiring, training, supervising, and retaining Officer Solano, (2) failing to implement or enforce adequate policies and safeguards to prevent sexual misconduct by law enforcement officers; and (3) failing to investigate, discipline, or remove Officer Solano despite warning signs, complaints, or knowledge of misconduct.

109.  Defendant School District breached its duty of care to Plaintiff, a minor student under its supervision, by (1) failing to properly screen, monitor, or supervise Officer Solano despite placing him in a position of trust and authority over students; (2) failing to adopt or enforce adequate safeguards and reporting mechanisms to protect students from sexual misconduct; and (3) failing to respond appropriately to actual or constructive notice of Officer Solano's grooming behavior.

110.  That as the sole, direct and proximate result of the negligence, carelessness and recklessness of Defendants and each of them, as aforesaid and by reason of the incident caused thereby, Plaintiff was sexually assaulted, groomed, hurt and injured, all of which said injuries have caused, and continue to cause, Plaintiff great mental, physical, emotional and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent disability to Plaintiff and general damages in a sum to be proven at time of trial and within the jurisdiction of this Court.

111.  Defendants knew, or reasonably should have known, that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights and harm to Plaintiff.

112.  Defendants disregarded the risks that their conduct would likely result in a violation of rights and cause harm to Plaintiff.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

113. As a direct and proximate of the Defendant's conduct Plaintiff suffered severe physical and bodily injuries, as well as past, present and future general damages for her pain, suffering, distress and anguish. Defendants are therefore liable for Plaintiff´s injuries.

114. Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

## SEVENTH CLAIM FOR RELIEF

### Sexual Battery Civ. Code § 1708.5, Penal Code §288(a))

(*Plaintiff Against All Defendants*)

115. Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

116. Civil Code Section 1708.5 (a) and (b) states: (a) A person commits a sexual battery who does any of the following: (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results. (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results. (b) A person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages.

117. On or about October 30, 2024, Officer Solano intentionally engaged in sexually offensive contact with Plaintiff while Plaintiff was inside of Officer Solano's patrol vehicle.

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

118.   Officer Solano's conduct was committed with the intent to offend, harm, and sexually batter Plaintiff. The foregoing conduct was a violation of Civil Code Section 1708.5.

119.   Plaintiff is informed and believes that Officer Solano's conduct alleged herein violated Penal Code §288(a), which penalizes lewd or lascivious acts against a minor under 14 years old with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that perpetrator or the child.

120.   Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including the City of Chino and School District and DOES 1-10, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet took no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

121.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered special and general damages, including physical injuries and extreme emotional distress. Plaintiff continues to suffer from emotional distress and mental suffering, in an amount to be determined at trial.

122.   Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

### EIGHTH CLAIM FOR RELIEF

**False Imprisonment**

(*Plaintiff Against All Defendants*)

123.   Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

124. Plaintiff alleges that on October 30, 2024 Officer Solano used physical barriers within his patrol vehicle, fraud, and deceit to compel Plaintiff to remain inside of Officer Solano's patrol vehicle for an appreciable amount of time.

125. Plaintiff did not knowingly or voluntarily consent to Officer Solano's unlawful conduct and was substantially harmed by Officer Solano's conduct.

126. As a direct and proximate result of Officer Solano's unlawful conduct, Plaintiff suffered special and general damages, including physical injuries and extreme emotional distress. Plaintiff continues to suffer from emotional distress and mental suffering, in an amount to be determined at trial.

127. Officer Solano's unlawful conduct was a substantial factor in causing Plaintiff's harm.

128. Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including the City of Chino and School District and DOES 1-10, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet took no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

129. As a direct and proximate result of Defendants' conduct, Plaintiff suffered special and general damages, including physical injuries and extreme emotional distress. Plaintiff continues to suffer from emotional distress and mental suffering, in an amount to be determined at trial.

130. Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

# NINTH CLAIM FOR RELIEF

## Negligent Hiring, Supervision, or Retention

*(Plaintiff Against Defendants City of Chino and Chino Unified School District)*

131.  Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

132.  Plaintiff alleges that on the dates of the incidents, and at all relevant times, Officer Solano was employed by Defendant City of Chino as a police officer and contracted to provide school security services for Defendant School District.

133.  Defendants, including the City of Chino and School District owed Plaintiff, a minor student, a duty to exercise reasonable care in the hiring, retention, supervision, and oversight of employees and agents placed in positions of trust and authority over minors. This duty included the obligation to protect Plaintiff from foreseeable harm, including sexual grooming, sexual battery, and harassment.

134.  Defendants, including the City of Chino and School District breached this duty by negligently hiring, retaining, and supervising Defendant Officer Solano Specifically, Defendants (1) failed to adequately investigate and screen Officer Solano's background, training, and fitness for service in a school environment, (2) failed to monitor, supervise, or discipline Officer Solano despite actual or constructive notice of his propensity for inappropriate or predatory conduct; (3) retained Officer Solano in a position of trust and authority over minors despite knowledge or warning signs that he posed a danger; and failed to implement adequate policies, reporting mechanisms, or safeguards to prevent sexual grooming and misconduct by law enforcement officers assigned to schools.

135.  Defendants, including the City of Chino and School District knew, or in the exercise of reasonable care should have known, that Officer Solano was unfit and posed a risk of harm to Plaintiff and other minors. Defendants' failure to take reasonable steps to prevent or correct Officer Solano's conduct created a foreseeable risk of the sexual grooming and assault that occurred.

- 23 -

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

136. Defendants, including the City of Chino and School District, knew, or in the exercise of reasonable care should have known, that Officer Solano was unfit and posed a risk of harm to Plaintiff and other minors because Officer Solano isolated Plaintiff in a classroom on Magnolia Junior High School's campus and on several occasions, left the campus with Plaintiff.

137. Officer Solano's unfitness and propensity for inappropriate or predatory conduct caused Plaintiff to suffer physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

138. As a direct and proximate result of Defendants' negligence, Plaintiff was subjected to sexual grooming and assault by Officer Solano, and has suffered physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF

### Sexual Harassment (Civ. Code §51.9)

(*Plaintiff Against All Defendants*)

139. Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

140. At all relevant times, Plaintiff was a minor student enrolled at Magnolia Junior High School which is part of Defendant School District. At all relevant times, Officer Solano was employed by Defendant the City of Chino as a law enforcement officer and was assigned by contract to provide safety and security services to Defendant School District.

141. Officer Solano occupied a position of authority and power over Plaintiff within the meaning of California Civil Code § 51.9. Namely, Officer Solano was a School Resource Officer.

142. While acting in that position of trust and authority, Officer Solano engaged in unwelcome and harassing conduct of a sexual nature toward Plaintiff, including but not limited to sexual grooming, sexual advances, coercion, and sexual

KIRAKOSIAN LAW, APC

assault.

143. Officer Solano's conduct was severe and pervasive, and unwelcomed by Plaintiff.

144. Officer Solano's actions were undertaken under color of his authority as a law enforcement officer assigned to a school setting, where Plaintiff was uniquely vulnerable as a minor.

145. Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including the City of Chino and School District, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

146. Officer Solano's predatory conduct, including but not limited to, grooming, harassment, coercion, and sexual assault caused Plaintiff to suffer physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

147. Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

148. As a direct and proximate result of Defendants' conduct, Plaintiff was subjected to sexual grooming and sexual assault by Officer Solano, and has suffered physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

149. Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

## EIGHTH CLAIM FOR RELIEF
### Violation of California's Civil Rights Act
(*Plaintiff Against All Defendants*)

150.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

151.    "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restrain or harm, from personal insult, from defamation, and from injury to her personal relations." Cal. Civ. Code § 42. Moreover, §§51 and 52, et seq., protect individuals from discrimination on the basis of the individuals race and further prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

152.    Cal.Civ.Code § 51, commonly known as the Unruh Civil Rights Act, provides in relevant part: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

153.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

154.    Any individual whose exercise or enjoyment of rights secured by the

- 26 -

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

155. The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Officers violated Plaintiff's State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff's rights.

156. The conduct of Officer Solano was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

157. Defendant Officer Solano, while working as a police officer for Defendants City of Chino and School District, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

158. Officer Solano knew that his conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

159. Officer Solano knew that his conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

160. Officer Solano disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

- 27 -

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

161.    As a result of the misconduct alleged herein, Officer Solano is liable for Plaintiff's injuries.

162.    At all relevant times, Officer Solano was acting with the complete authority and ratification of their principal, Defendant City of Chino and School District. Pursuant to California Government Code Section 815.2, Defendants are vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

163.    Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against Officer Solano in a sum to be established according to proof.

164.    Due to the conduct of the Officer Solano, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff G.M., a minor by and through Tanya Baez hereby demands a jury trial on all causes of action and prays for relief and judgment against Defendants as follows:

1.    For past and future general damages in an amount to be determined by proof at trial;

2.    For past and future special damages in an amount to be determined by proof at trial;

3.    For reasonable attorneys' fees and costs as provided by statute;

4.    For all penalties, treble damages, and other special damages as allowable

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

by law;

5.   For costs of suit incurred herein;

6.   For punitive damages according to proof, against Defendant Officer Solano only;

7.   For interest as allowable by law; and

8.   For such other and further relief as the Court deems just and proper.

Date:  December 10, 2025                    **KIRAKOSIAN LAW, APC**

                                           */s/ Greg L. Kirakosian*

                                           Greg L. Kirakosian, esq.
                                           Astina T. Shakilyan, esq.
                                           *Attorneys for Plaintiffs,*
                                           G.M., a minor by and through
                                           TANYA BAEZ

- 29 -

**PLAINTIFF´S SECOND AMENDED COMPLAINT FOR DAMAGES**