GREG L. KIRAKOSIAN (SBN 294580)
 [greg@kirakosianlaw.com]
ASTINA T. SHAKILYAN  (SBN 339649)
 [tina@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
G.M., a minor by and through TANYA BAEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G.M., a minor by and through TANYA BAEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHINO, OFFICER MATTHEW SOLANO, CHINO VALLEY UNIFIED SCHOOL DISTRICT, and DOES 1–10,<br><br>Defendants, | **Case No.:  5:25-cv-03224-SP**<br><br>**PLAINTIFF´S THIRD  AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Violation of Bodily Integrity (42 U.S.C. § 1983);<br>3. Violation of Equal Protection (42 U.S.C. § 1983) Negligence;<br>4. Negligence;<br>5. Sexual Battery (Civ. Code § 1708.5, Penal Code §288(a));<br>6. False Imprisonment;<br>7. Negligent Hiring, Supervision, or Retention;<br>8. Sexual Harassment (Civ. Code §51.9);<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN  LAW, APC

**INTRODUCTION**

1.      Plaintiff G.M., a minor by and through Tanya Baez ("Plaintiff"), hereby files this Third Amended Complaint for Damages against City of Chino, Officer Matthew Solano, Chino Valley Unified School District, and DOE Officers 1–10.

2.      As discussed in further detail herein, this Complaint arises out of a series of incidents that occurred between October of 2024 and November of 2024, at or near Magnolia Junior High School, in the City of Chino, in the County of San Bernardino. Plaintiff alleges that the Defendants´ conduct constituted or led to the violation of Plaintiff's rights.

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, Plaintiff's injuries were sustained, in whole or in part, in the County of San Bernardino, and because Plaintiff is informed and believe that all Defendants reside in the County of San Bernardino, California.

**PARTIES AND GENERAL ALLEGATIONS**

4.      At all relevant times, the individual Plaintiff G.M., a minor by and through Tanya Baez was residing in the County of San Bernardino, California.

5.      At all relevant times, Officer Matthew Solano and DOES 1–10, were individuals residing in the County of San Bernardino, California.

6.      At all relevant times, Officer Matthew Solano and DOES 1-10 were acting under the color of law within the course and scope of their employment and duties as agents for Defendants City of Chino and Chino Valley Unified School District. At all

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Chino and Chino Valley Unified School District. Pursuant to California Government Code Section 815.2, Defendant City of Chino is vicariously liable for the acts, omissions and conduct of its employees.

7. At all relevant times, Defendants City of Chino and Chino Valley Unified School District were and are governmental entities organized and existing under the laws of the State of California in the County of San Bernardino, California. Herein after, the Individual Officers, City of Chino, and Chino Valley Unified School District and DOES 1-10 will be collectively referred to as "Defendants".

8. At all relevant times, City of Chino is and was a chartered subdivision of the State of California with the capacity to be sued. City of Chino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant City of Chino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

9. At all relevant times, Chino Valley Unified School District ("CVUSD" or "School District") is and was a chartered subdivision of the State of California with the capacity to be sued. CVUSD is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant CVUSD was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

KIRAKOSIAN LAW, APC

- 3 -

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

10. Defendants City of Chino and Chino Valley Unified School District were timely served with a claim for damages on September 9, 2025, pursuant to California Government Code §§ 910, 911, and 905(m), which states that claims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual assault need not be presented in accordance with Government Code §911.2. Section 340.1 of the Code of Civil Procedure defines "childhood sexual assault" as any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by Sections 288(a) and 647.6 of the Penal Code (as alleged herein), among other sections. In an abundance of caution, Plaintiffs filed their claim for damages and hereby pursuing those state claims within 45 days of Defendants' rejection of said claims.

11. The true names and/or capacities of the Individual Officers designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein.

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

14.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

15.    Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SUMMARY OF FACTUAL ALLEGATIONS

16.    The "Incidents" at issue in this action occurred between October of 2024 and November of 2024, at or near Magnolia Junior High School, in the City of Chino, in the County of San Bernardino.

17.    At the time of the Incidents Officer Matthew Solano (hereinafter "Officer Solano") was employed by Defendants City of Chino as a sworn police officer and assigned, in uniform and on duty, to CVUSD and the Magnolia Junior High School as its designated School Resource Officer. As a School Resource Officer, Officer Solano was vested with full law enforcement authority, including the power to stop, detain, question, search, cite, arrest, and otherwise exercise police powers over vulnerable minor students both on and around campus. His assignment placed him in daily contact with said minor students and conferred upon him a position of not only power, authority, and control over them, but trust.

18.    At the time of the Incidents Officer Solano was hired, supervised, and/or retained by Defendants CVUSD and the City of Cino as a School Resource Officer for Magnolia Junior High School.

KIRAKOSIAN LAW, APC

19. Pursuant to the purpose and structure of the School Resource Officer Program ("SRO Program"), sworn police officers, such as Officer Solano, are assigned to school campuses not only to enforce criminal law and maintain campus safety, but also to foster close, personal, and positive relationships with students and serve as mentors, educators, and trusted authority figures within the school community. SROs, such as Officer Solano, are expected and required to provide classroom instruction, participate in school activities, engage in informal student interactions to build rapport and trust, encourage students to confide in them, and develop supportive, relationship-based engagement with students as part of community-oriented policing. The SRO Program intentionally places uniformed, armed peace officers in daily, direct, and often unsupervised contact with minor students and affirmatively requires them to cultivate trust, approachability, and personal rapport with those students. Officer Solano's assignment as Magnolia Junior High School's SRO placed him in a position of power, authority, and control over students, while simultaneously mandating that he build close and trust-based relationships with them as part of his official duties.

20. The structure of the City's School Resource Officer Program created a unique and reasonably foreseeable inherently coercive environment for minor students where a uniformed, armed peace officer assigned full-time to the campus were expressly required to cultivate close personal rapport and relationships with students, to encourage them to confide in them, and to develop trusting, mentorship-style relationships as part of their official duties. This dual role, simultaneously exercising coercive police authority while being institutionally tasked with building personal trust and friendship, created a dynamic in which it was reasonably foreseeable to Defendants that minor students, including Plaintiff, would reasonably perceive that participation in such a relationship was expected, required, or compelled.

21. Unlike ordinary peer relationships, a relationship initiated and cultivated by a uniformed police officer on campus, particularly one that the school requires and

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

mandates its SROs to initiate and cultivate, carries the implicit weight of state authority and within the course and scope of an SROs employment. A minor student, aware that the officer possesses the power to detain, discipline, or initiate criminal consequences, cannot reasonably view invitations to private conversation, requests for continued contact, or suggestions of friendship as purely voluntary social interactions. Rather, such interactions are reasonably understood as directives or expectations emanating from an authority figure whose commands are not safely disregarded.

22.   The SRO Program intentionally places officers in daily, unsupervised interaction with vulnerable minors and affirmatively instructs them to build close, trust-based relationships while simultaneously having them labeled as police officers, in uniform, armed, with the express authority to search, seize, detain, and arrest students. It is therefore reasonably foreseeable that a minor student would feel obligated to comply with an SRO's requests for private conversation, personal disclosure, or continued communication, even when those interactions become inappropriate.

23.   The risk that a sworn officer assigned to cultivate personal relationships with minors while simultaneously wielding coercive police authority might misuse that authority and relational access to isolate, groom, or exploit a student is a risk inherent in, and directly arising from, the design and implementation of the SRO Program itself.

24.   At the time of the Incidents, Plaintiff was a minor enrolled as a student at Magnolia Junior High School, which is within the CVUSD. Plaintiff initially met Officer Solano on the campus of Magnolia Junior High School.

25.   Plaintiff understood Officer Solano to be uniformed police officer assigned to his school with authority over students, including authority to detain, question, discipline, and refers students for criminal consequences. Plaintiff, as a minor, reasonably believed that he was required to comply with Officer Solano's directives and did not believe he was free to refuse them.

- 7 -

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC

26.    Arising solely from his employment, duties, and role as an SRO to engage in informal interactions to build rapport and trust and developing positive relationship-based engagement with students, Officer Solano began communicating with Plaintiff.

27.    After meeting and having several preliminary discussions with Plaintiff, Defendant Officer Solano had numerous close, personal, and inappropriate conversations and interactions with Plaintiff. These inappropriate interactions arose directly out of Officer Solano's employment, duties, and role to build rapport and trust and develop positive relationship-based engagement with students.

28.    On one occasion, Officer Solano directed Plaintiff into a classroom on the campus of Magnolia Junior High School, where the two would be alone, and the two conversed. Officer Solano directed Plaintiff into the classroom under the apparent authority of his official position as an SRO, and Plaintiff complied because Officer Solano was a uniformed peace officer assigned to the campus and Plaintiff reasonably believed that he was not free to disregard his directive, requests, or orders. However, Plaintiff alleges that personal nature of the conversation arose directly from Officer Solano's role as an SRO and to build a close personal relationship with Plaintiff. Officer Solano, after discussing inappropriate and personal matters with Plaintiff, instructed Plaintiff not to disclose the contents of their conversation to anyone else. Given Officer Solano's status as a sworn police officer assigned to the campus, Plaintiff reasonably believed and understood that these instructions were authoritative and felt mandated and compelled to comply.

29.    Plaintiff, as a minor student, reasonably believed he was not free to refuse Officer Solano's directives, invitations, or requests for continued contact. Plaintiff's compliance and participation in the relationship were directly influenced by Officer Solano's uniform, badge, patrol vehicle, and institutional role as both law enforcement officer and designated campus mentor. Officer Solano's misconduct was not merely coincidental to his employment. The authority, access, trust-building mandate, and daily unsupervised interaction with minors that enabled and facilitated the abuse were

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

conferred upon him by virtue of his assigned duties. The end result, an officer exploiting that structured relationship for sexual purposes, arose directly out of the circumstances, job description, and foreseeable risks inherent in assigning armed police officers to serve as both disciplinarians and personal mentors to vulnerable children.

30.    Officer Solano had numerous similar interactions with Plaintiff both on campus and even off campus and repeatedly instructed Plaintiff not to discuss their conversation or inform anyone that the two of them were talking and "becoming friends."  These interactions were facilitated and enabled by Officer Solano's official assignment, uniform, patrol vehicle, and authority over students, whose employment duties and role allowed him to gain private access to Plaintiff and to isolate him without suspicion.

31.    One of the inappropriate interactions with Plaintiff occurred on or about October 30, 2024, at approximately 3:30pm, where Plaintiff was walking home from Magnolia Junior High School. At that time, Officer Solano was operating his marked patrol vehicle while on duty and in uniform. Officer Solano instructed Plaintiff to enter his patrol vehicle and go for a ride. Because Officer Solano was a uniformed peace officer in a marked patrol vehicle and vested with authority to detain students, Plaintiff did not believe he was free to refuse or ignore the directive and entered the vehicle in compliance with Officer Solano's apparent exercise of authority. The two spoke in a similar close, personal, and inappropriate manner as they had previously on and off campus. Officer Solano instructed Plaintiff to enter his patrol vehicle and go for a ride.  Officer Solano drove Plaintiff to an alley near Plaintiffs home where the two continued to speak. By using his patrol vehicle and official authority, Officer Solano transported Plaintiff away from public view and supervision. Officer Solano asked Plaintiff for Plaintiff's social media information, including his Snapchat and Discord usernames, and gave Plaintiff his personal cellphone number so the two could continue to have private conversations.

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

32. Officer Solano then inappropriately, and in a sexual way, touched Plaintiff's body. This touching was accomplished through Officer Solano's misuse of the authority, access, control, and trust conferred upon him by his employment as a sworn police officer and School Resource Officer. Plaintiff's compliance and submission were not only reasonably foreseeable, but was directly influenced by Officer Solano's uniform, badge, patrol vehicle, and law enforcement authority. Officer Solano told Plaintiff that if he ever wanted to get out of class or needed a ride, he could just give him a call, but again instructed Plaintiff not to tell anyone about their interaction. By offering to excuse Plaintiff from class and provide transportation in his patrol vehicle, Officer Solano explicitly leveraged privileges and authority derived from his official assignment to further cultivate access, control, and secrecy. Thereafter, Officer Solano allowed Plaintiff to exit his patrol vehicle and walk home from the alley.

33. Following the October 30, 2024 incident, Officer Solano began messaging Plaintiff through social media and instant messaging applications, Snapchat and Discord. These communications were initiated and facilitated by contact first required, encouraged, established and reinforced during Officer Solano's on-duty interactions in his official capacity as SRO and as a mentor for students such as Plaintiff both on and off campus. Officer Solano even informed Plaintiff that he was on a Discord group entitled "DILP's" (This acronym stands for "Dads I'd Like to Peg"). The two continued to chat on Discord and SnapChat, and Officer Solano made numerous inappropriate conversations, including referring to Plaintiff as "cute" and other similar comments about Plaintiff's appearance. Officer Solano would make other similar texts messages to show he was thinking of Plaintiff, including sending him images or songs and making comments like: "for my favorite Swiftie" – referring to Plaintiff being Officer Solano's favorite Swiftie.

34. On November 5, 2024 Officer Solano visited Plaintiff's home in his patrol vehicle and while in uniform and was waiting for him to return. Officer Solano's

- 10 -
**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

appearance at Plaintiff's residence in uniform and in a marked patrol vehicle reinforced his authority and further exploited the trust and control inherent in his official role. Again, the two spoke about inappropriate matters and Officer Solano left.

35.    At all relevant times, Officer Solano's repeated coercion, grooming, sexual harassment, and sexual assault towards Plaintiff deprived Plaintiff of his right to be secure in his person and free of interference with his bodily integrity and liberty interests as guaranteed by the Fourteenth Amendment. Officer Solano groomed, harassed, and improperly touched Plaintiff while carrying out his duties as both a law enforcement officer and mentor.

36.    Officer Solano's misconduct was engendered by, arose from, and was facilitated by the authority, access, control, and structured relationship-building duties conferred upon him through his employment as a police officer assigned to a school campus. The Defendants' SRO Program intentionally vested officers with coercive police authority while simultaneously requiring them to cultivate close, trust-based relationships with minor students. The risk that an officer assigned to daily, unsupervised interaction with minors might misuse that delegated authority and relational trust to exploit or assault a student is a foreseeable risk inherent in the enterprise of placing sworn law enforcement officers in school environments under a mentorship model. Officer Solano's misconduct was not a purely personal frolic divorced from his employment. Rather, it was accomplished through the misuse of the specific delegated police power and program-mandated relational access.

37.    This sort of pattern of communications, interaction, and physical contact occurred throughout October and November. Suddenly, in mid-November, Officer Solano was gone and the communications abruptly ended. In December of 2024, Plaintiff's mother Tanya Baez was contacted by Detective Marissa Pope from the Chino Sheriff's Department. Detective Pope informed her there was an active investigation involving Officer Solano and Magnolia Junior High School and that Plaintiff appeared to be involved and a victim of Officer Solano's misconduct. She

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

arranged to meet with both Plaintiff and his mother, and scheduled an interview at a specialized child advocacy unit in San Bernardino. Plaintiff participated in this recorded forensic interview. Detective Pope met with the family again afterward, showing them just some of the screenshots of messages that had not been deleted (through automatic deletion from the applications) between Officer Solano and Plaintiff. She also went to the alley where the initial interaction and inappropriate touching took place to check for surveillance cameras. Detective Pope told Plaintiff's mother that she intended to finalize her report and submit it to the District Attorney's office for filing

38. Officer Solano has since been arrested and criminal charges have been filed against him, namely charges of Penal Code §288(a), Lewd and Lascivious Acts with a Child and Penal Code § 647.6(a)(1), Child Annoyance.

39. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff's State and Federal civil rights.

40. For the conduct alleged above, Plaintiff hereby bring the following causes of action:

**FIRST CLAIM FOR RELIEF**

**Unlawful Seizure in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against Officer Solano*)

41. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. Between October and November of 2024, Officer Solano repeatedly communicated with, stopped, and seized the Plaintiff's person, both on and off campus without a justifiable basis.

43. Officer Solano seized Plaintiff's person and property, and did so intentionally, in that the Officer Solano acted with a conscious objective to seize Plaintiff.

KIRAKOSIAN LAW, APC

44. Specifically, by means of force and a show of authority, Officer Solano commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

45. At all relevant times, the encounters and inappropriate contact was not a consensual encounter – as Plaintiff was a minor – but a seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

46. At all relevant times before Officer Solano conducted the seizures, Officer Solano did not have a warrant to conduct the seizures.

47. At all relevant times before and at the time Officer Solano conducted the seizures, Officer Solano did not have the express consent of Plaintiff or his parents to conduct the seizures.

48. At all relevant times before, during, and after Officer Solano conducted the seizures, Officer Solano did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

49. At all relevant times before and at the time Officer Solano conducted the seizures, there was no lawful or justifiable basis that would justify the seizures, the scope or length of the seizure, the physical contact, or the communications between the two.

50. When conducting the seizures, Officer Solano violated Plaintiff's rights to be secure against unreasonable seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

51. Officer Solano conducted the seizures, as described herein, and did so intentionally, in that it was their conscious objective to seize Plaintiff.

52. Based on the objective facts readily available and known to Officer Solano, no reasonable conclusion could be drawn to conclude that the seizure was reasonable or lawful under the circumstances.

53. Although not required as proof of the unlawful search and seizure, Plaintiff alleges that Officer Solano acted with either the knowledge and intent to

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

54.    Officer Solano violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

55.    Officer Solano knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

56.    Officer Solano knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

57.    Officer Solano disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

58.    As described above, conduct and actions of Officer Solano deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

59.    Due to the conduct of Officer Solano, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

60.    Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

/ / /

Kirakosian Law, APC

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC

## SECOND CLAIM FOR RELIEF

### Violation of Fourteenth Amendment Right to Substantive Due Process / Bodily Integrity (42 U.S.C. § 1983)

*(Plaintiff Against Officer Solano)*

61.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

62.    Under the Fourteenth Amendment, and at the time of the incidents, Plaintiff had the right, to personal security, safety and bodily integrity. The Civil Rights Act of 1871, now codified as 42 U.S.C. §1983 as federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

63.    At all times relevant herein, Officer Solano was acting under color of state law and color of authority, using his position of power as a police officer with Defendant City and as a School Resource Officer with Defendant School District to coerce, groom, sexually harass, and sexually assault Plaintiff.

64.    Officer Solano's repeated coercion, grooming, sexual harassment, and sexual assault towards Plaintiff deprived Plaintiff of his right to be secure in his person and free of interference with his bodily integrity and liberty interests as guaranteed by the Fourteenth Amendment.

65.    Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including Defendant City and Defendant School District, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet

no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

66.    As a direct and proximate result of the said acts of Defendants, Plaintiff has suffered the following injuries and damages:

      a.  Violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state-sponsored deprivation of liberty without due process of law; and

      b.  Pain and suffering and emotional trauma and suffering.

67.    Plaintiff alleges that Officer Solano's coercion, grooming, sexual harassment and sexual assault towards Plaintiff deprived Plaintiff of his rights, privileges, and immunities guaranteed by the Constitution and laws of the United States set forth above, namely the Due Process Clause of the Fourteenth Amendment.

68.    Officer Solano knew that his conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

69.    Officer Solano knew that his conduct could and would likely result in further significant injury to Plaintiff or the unnecessary and wanton infliction of emotional distress upon Plaintiff.

70.    Officer Solano disregarded the risks that his conduct would likely result in a violation of rights and cause damages to Plaintiff.

71.    As a result of the misconduct alleged herein, Defendants are liable for Plaintiff´s injuries.

72.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical harm, severe emotional distress, humiliation, loss of dignity, and violation of constitutional rights.

73.    As described above, conduct and actions of the Defendants deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourteenth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as

described herein.

74.    Due to the conduct of the Defendants, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to PLAINTIFF´S damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

75.    Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against Officer Solano in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Violation of Fourteenth Amendment Right to Equal Protection

### (42 U.S.C. § 1983)

*(Plaintiff Against Officer Solano)*

76.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78.    Under the Fourteenth Amendment, and at all relevant times, Plaintiff had the right, to personal security, safety and bodily integrity. The Civil Rights Act of 1871, now codified as 42 U.S.C. §1983 as federal law provides:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

79.    Officer Solano's sexual harassment and sexual assault of Plaintiff deprived Plaintiff of his right to be secure in his person and free of interference with his bodily integrity and liberty interests as guaranteed by the Fourteenth Amendment.

80.    As a direct and proximate result of the said acts of Officer Solano, Plaintiff has suffered the following injuries and damages:

   a) Violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state-sponsored deprivation of liberty without due process of law; and

   b) Pain and suffering and emotional trauma and suffering.

81.    Plaintiff alleges that Officer Solano's harassment and sexual assault of Plaintiff deprived Plaintiff of his rights, privileges, and immunities guaranteed by the Constitution and laws of the United States set forth above, namely the Due Process Clause of the Fourteenth Amendment.

82.    Officer Solano knew that his conduct could and would likely result in the violation of Plaintiff′s State and Federal civil rights.

83.    Officer Solano knew that his conduct could and would likely result in further significant injury to Plaintiff or the unnecessary and wanton infliction of emotional distress upon Plaintiff.

84.    Officer Solano disregarded the risks that his conduct would likely result in a violation of rights and cause damages to Plaintiff.

85.    As a result of the misconduct alleged herein, Officer Solano is liable for Plaintiff′s injuries.

86.    As described above, the conduct and actions of the Officer Solano deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourteenth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

87.    Due to the conduct of the Officer Solano, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff′s

**PLAINTIFF′S THIRD AMENDED COMPLAINT FOR DAMAGES**

damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

88.   Officer Solano acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, Officer Solano manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against Officer Solano in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

### Negligence

#### (*Plaintiff Against All Defendants*)

89.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

90.   At all relevant times, Plaintiff was a minor student entitled to reasonable care, safety, and protection from harm while under the authority of law enforcement officers employed by Defendant City of Chino and contracted to provide security services for Defendant School District.

91.   At all relevant times, the Officer Solano was acting with the complete authority and ratification of his principal, Defendant City of Chino and CVUSD. Pursuant to California Government Code Section 815.2, Defendants City of Chino and CVUSD are vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

92.   At all relevant times, Officer Solano was an employee, agent, and servant of Defendants City of Chino and CVUSD and was acting within the course and scope of his employment, agency, and official duties as a law enforcement officer and School Resource Officer.

93.   Officer Solano was clothed with official authority by Defendant City of Chino, including authority to patrol school grounds, interact with students, conduct investigations, enforce the law, exercise control over students, and act as a mentor and

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

supervisory figure on campus.

94. At all relevant times, Officer Solano was acting under color of law and purporting to act in his official capacity as a police officer and School Resource Officer when he interacted with Plaintiff and engaged in the conduct alleged herein.

95. While acting within the course and scope of his employment and under color of his official authority, Officer Solano engaged in a course of sexual grooming, coercion, harassment, and sexual abuse of Plaintiff.

96. Officer Solano's wrongful conduct was committed in connection with, and arose out of, his assigned duties, responsibilities, and authority as a School Resource Officer, including his role as a mentor, supervisor, and law enforcement presence on campus.

97. Officer Solano breached this duty of care by engaging in a course of sexual grooming, coercion, harassment, and ultimately sexually assaulting Plaintiff. Such conduct was intentional, malicious, and in reckless disregard of Plaintiff's rights and safety.

98. That as the sole, direct and proximate result  of Officer Solano's wrongful acts, for which Defendant City of Chino is vicariously liable, Plaintiff was sexually assaulted, groomed, hurt and injured, all of which said injuries have caused, and continue to cause, Plaintiff great mental, physical, emotional and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent disability to Plaintiff and general damages in a sum to be proven at time of trial and within the jurisdiction of this Court.

99. As a direct and proximate of Officer Solano's conduct Plaintiff suffered severe physical and bodily injuries, as well as past, present and future general damages for her pain, suffering, distress and anguish. Defendants Officer Solano and City of Chino are therefore liable for Plaintiff´s injuries.

/ / /

PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC

**FIFTH CLAIM FOR RELIEF**

**Sexual Battery Civ. Code § 1708.5, Penal Code §288(a))**

(*Plaintiff Against All Defendants*)

100.   Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

101.   Civil Code Section 1708.5 (a) and (b) states: (a) A person commits a sexual battery who does any of the following: (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results. (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results. (b) A person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages.

102.   On or about October 30, 2024, Officer Solano intentionally engaged in sexually offensive contact with Plaintiff while Plaintiff was inside of Officer Solano's patrol vehicle.

103.   Officer Solano's conduct was committed with the intent to offend, harm, and sexually batter Plaintiff. The foregoing conduct was a violation of Civil Code Section 1708.5.

104.   Plaintiff is informed and believes that Officer Solano's conduct alleged herein violated Penal Code §288(a), which penalizes lewd or lascivious acts against a minor under 14 years old with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that perpetrator or the child.

105.   Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants,

**PLAINTIFF´S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

including the City of Chino and School District and DOES 1-10, acting in the course and scope of his employment.

106. At all relevant times, the Officer Solano was acting with the complete authority and ratification of his principal, Defendant City of Chino and CVUSD. Pursuant to California Government Code Section 815.2, Defendants City of Chino and CVUSD are vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

107. As a direct and proximate result of Defendants' conduct, Plaintiff suffered special and general damages, including physical injuries and extreme emotional distress. Plaintiff continues to suffer from emotional distress and mental suffering, in an amount to be determined at trial.

108. Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

## SIXTH CLAIM FOR RELIEF

### False Imprisonment

(*Plaintiff Against All Defendants*)

109. Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

110. Plaintiff alleges that on October 30, 2024 Officer Solano used physical barriers within his patrol vehicle, fraud, and deceit to compel Plaintiff to remain inside of Officer Solano's patrol vehicle for an appreciable amount of time.

111. Plaintiff did not knowingly or voluntarily consent to Officer Solano's unlawful conduct and was substantially harmed by Officer Solano's conduct.

112. As a direct and proximate result of Officer Solano's unlawful conduct, Plaintiff suffered special and general damages, including physical injuries and

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

extreme emotional distress. Plaintiff continues to suffer from emotional distress and mental suffering, in an amount to be determined at trial.

113. Officer Solano's unlawful conduct was a substantial factor in causing Plaintiff's harm.

114. Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including the City of Chino and School District and DOES 1-10, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet took no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

115. At all relevant times, the Officer Solano was acting with the complete authority and ratification of his principal, Defendant City of Chino and CVUSD. Pursuant to California Government Code Section 815.2, Defendants City of Chino and CVUSD are vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

116. As a direct and proximate result of Defendants' conduct, Plaintiff suffered special and general damages, including physical injuries and extreme emotional distress. Plaintiff continues to suffer from emotional distress and mental suffering, in an amount to be determined at trial.

117. Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

/ / /

KIRAKOSIAN LAW, APC

**PLAINTIFF′S THIRD AMENDED COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

## SEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Supervision, or Retention

*(Plaintiff Against Defendants City of Chino and Chino Unified School District)*

118.   Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

119.   Plaintiff alleges that on the dates of the incidents, and at all relevant times, Officer Solano was employed by Defendant City of Chino as a police officer and contracted to provide school security services for Defendant School District.

120.   Defendants, including the City of Chino and School District owed Plaintiff, a minor student, a duty to exercise reasonable care in the hiring, retention, supervision, and oversight of employees and agents placed in positions of trust and authority over minors. This duty included the obligation to protect Plaintiff from foreseeable harm, including sexual grooming, sexual battery, and harassment.

121.   Defendants, including the City of Chino and School District breached this duty by negligently hiring, retaining, and supervising Defendant Officer Solano Specifically, Defendants (1) failed to adequately investigate and screen Officer Solano's background, training, and fitness for service in a school environment, (2) failed to monitor, supervise, or discipline Officer Solano despite actual or constructive notice of his propensity for inappropriate or predatory conduct; (3) retained Officer Solano in a position of trust and authority over minors despite knowledge or warning signs that he posed a danger; and failed to implement adequate policies, reporting mechanisms, or safeguards to prevent sexual grooming and misconduct by law enforcement officers assigned to schools.

122.   Defendants, including the City of Chino and School District knew, or in the exercise of reasonable care should have known, that Officer Solano was unfit and posed a risk of harm to Plaintiff and other minors. Defendants' failure to take reasonable steps to prevent or correct Officer Solano's conduct created a foreseeable risk of the sexual grooming and assault that occurred.

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

123. Defendants, including the City of Chino and School District, knew, or in the exercise of reasonable care should have known, that Officer Solano was unfit and posed a risk of harm to Plaintiff and other minors because Officer Solano isolated Plaintiff in a classroom on Magnolia Junior High School's campus and on several occasions, left the campus with Plaintiff.

124. Officer Solano's unfitness and propensity for inappropriate or predatory conduct caused Plaintiff to suffer physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

125. As a direct and proximate result of Defendants' negligence, Plaintiff was subjected to sexual grooming and assault by Officer Solano, and has suffered physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### Sexual Harassment (Civ. Code §51.9)

(*Plaintiff Against All Defendants*)

126. Plaintiff hereby repeats, re-alleges, and incorporates all preceding paragraphs of this complaint as though fully set forth herein.

127. At all relevant times, Plaintiff was a minor student enrolled at Magnolia Junior High School which is part of Defendant School District. At all relevant times, Officer Solano was employed by Defendant the City of Chino as a law enforcement officer and was assigned by contract to provide safety and security services to Defendant School District.

128. Officer Solano occupied a position of authority and power over Plaintiff within the meaning of California Civil Code § 51.9. Namely, Officer Solano was a School Resource Officer.

129. While acting in that position of trust and authority, Officer Solano engaged in unwelcome and harassing conduct of a sexual nature toward Plaintiff, including but not limited to sexual grooming, sexual advances, coercion, and sexual

KIRAKOSIAN LAW, APC

assault.

130.  Officer Solano's conduct was severe and pervasive, and unwelcomed by Plaintiff.

131.  Officer Solano's actions were undertaken under color of his authority as a law enforcement officer assigned to a school setting, where Plaintiff was uniquely vulnerable as a minor.

132.  Plaintiff is informed and believes that while doing the acts alleged above, Officer Solano was acting as an employee and/or agent of all other Defendants, including the City of Chino and School District, acting in the course and scope of his employment. Plaintiff is informed and believes that Defendants knew, or should have known, that Officer Solano had a propensity for the foregoing conduct yet no steps were taken to control his conduct or to protect Plaintiff from his unlawful conduct.

133.  Officer Solano's predatory conduct, including but not limited to, grooming, harassment, coercion, and sexual assault caused Plaintiff to suffer physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

134.  Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

135.  As a direct and proximate result of Defendants' conduct, Plaintiff was subjected to sexual grooming and sexual assault by Officer Solano, and has suffered physical harm, severe emotional distress, humiliation, loss of dignity, and other damages in an amount to be determined at trial.

136.   Officer Solano's conduct was oppressive, malicious, despicable, and highly reprehensible and done with the intent to subject Plaintiff to unjust hardship, and as such warrants imposition of punitive and exemplary damages in an amount

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

sufficient to punish Officer Solano and deter all others from engaging in similar conduct.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff G.M., a minor by and through Tanya Baez hereby demands a jury trial on all causes of action and prays for relief and judgment against Defendants as follows:

1.   For past and future general damages in an amount to be determined by proof at trial;

2.   For past and future special damages in an amount to be determined by proof at trial;

3.   For reasonable attorneys' fees and costs as provided by statute;

4.   For all penalties, and other special damages as allowable by law;

5.   For costs of suit incurred herein;

6.   For punitive damages according to proof, against Defendant Officer Solano only;

7.   For interest as allowable by law; and

8.   For such other and further relief as the Court deems just and proper.

Date:  February 13, 2026

**KIRAKOSIAN LAW, APC**

*/s/ Greg L. Kirakosian*

Greg L. Kirakosian, esq.
Astina T. Shakilyan, esq.
*Attorneys for Plaintiffs,*
G.M., a minor by and through
TANYA BAEZ

**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**