UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-03224-SSS-DTBx | Date | March 31, 2026 |
|---|---|---|---|
| Title | *G.M. v. City of Chino et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [DKT. NO. 19]**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. [Dkt. No. 19]. The Motion is fully briefed and ripe for review. [Dkt. No. 19, "Motion"; Dkt. No. 21, Opposition or "Opp"; Dkt. No. 23, "Reply"]. The Court **GRANTS** Defendants' Motion to Dismiss.

## I.    FACTUAL AND LEGAL BACKGROUND

The Court incorporates the factual background from its Prior Order on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for sake of brevity. [*See* Dkt. No. 17, "Prior Order"].

On February 2, 2026, the Court granted Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and provided Plaintiff with leave to amend. [*See generally* Prior Order]. Plaintiff filed his Third Amended Complaint on February 13, 2026. [Dkt. No. 18, "Third Amended Complaint" or "TAC"]. The Third Amended Complaint raises eight claims, though only Claims 4 through 8 are brought against Defendants City of Chino and Chino Valley Unified School District (collectively, "City Defendants").

City Defendants filed this Motion on February 27, 2026, renewing many arguments previously raised in their Motion to Dismiss Plaintiff's Second Amended Complaint.  Once again, City Defendants seek dismissal of all of Plaintiff's claims brought against them.  [*See generally* Motion].  Defendant Matthew Solano does not join in this Motion.

For the reasons discussed below, the Court **GRANTS** Defendants' Motion.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories."  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor.  *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  A court need not accept, however, "a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile.  *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

## III.   DISCUSSION

City Defendants seek to dismiss Claims 4 through 8, largely based in their argument that Plaintiff's claims fail as a matter of law.  [*See* Motion at 9–18].  Moreover, given Plaintiff's multiple attempts to cure his pleading deficiencies, City Defendants ask that the Court dismiss the TAC with prejudice.  [*Id.* at 18].  Plaintiff responds to these arguments by asserting City Defendants are vicariously liable for Officer Solano's sexual misconduct, and that the TAC adequately pleads

negligent hiring, supervision, or retention.  [Opp. at 8–9, 20–21].  Plaintiff further requests leave to amend if the Court finds insufficient pleading.  [*Id.* at 21].

Each of Plaintiff's claims against City Defendants are California state law claims sounding in negligence, sexual battery and harassment, false imprisonment, negligent hiring, supervision, or retention.  [*See* TAC ¶¶ 89–136].

### A.    Vicarious Liability for Claims 4 through 6

Because the TAC advances against City Defendants a theory of vicarious liability for Claims 4 through 6, the Court considers first whether vicarious liability applies.  [*See* TAC ¶¶ 98, 106, 115].

City Defendants argue "the TAC's own factual allegations demonstrate substantial deviation" such that Officer Solano's conduct did not result from or relate to City Defendants' interests.  [*See* Motion at 7, 9–14].  In response, Plaintiff merely repeats that Officer Solano acted within the scope of employment and that his tortious conduct was reasonably foreseeable.  [Opp. at 8–9].  The Opposition does not address substantial deviation.  [*See generally id.*].

Although the TAC adds factual context as to Officer Solano's responsibility as a School Resource Officer ("SRO") for City Defendants, there is no factual allegation that supports a theory of vicarious liability.  [TAC ¶¶ 19–29].  City Defendants' SRO Program indeed places uniformed, armed peace officers in daily, direct, and often unsupervised contact with minor students.  [TAC ¶ 19].  However, Plaintiff's argument that Officer Solano acted in a manner that was "in a clear pursuit of Defendants' interests" is unsupported to the extent that Officer Solano engaged in sexually motivated misconduct toward Plaintiff.  [Opp. at 11].

The California Supreme Court has made clear that vicarious government liability will not attach where the employee "*has substantially deviated from his duties for personal purposes*."  *Perez v. Van Groningen & Sons, Inc.,* 41 Cal.3d 962, 968 (1986) (emphasis in original).  Moreover, California courts have "rarely held that employees who have engaged in sexual misconduct with third parties acted within the scope of their employment."  *Tate v. United States*, No. CV 18-3079 PA (PLAX), 2018 WL 6444887 at *3 (C.D. Cal. Oct. 30, 2018).  Such is the case, even when sexual misconduct occurred during an officially sanctioned activity by a school district.  *See John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 447–53  (1989) (holding the school district could not be held vicariously liable for a teacher's sexual molestation of a student during an officially sanctioned extracurricular activity).

Despite being granted leave to amend to cure pleading deficiencies associated with these claims, Plaintiff has been unable to articulate any factual support as to how Officer Solano's conduct furthered the City Defendants' interests, and how his conduct was not a substantial deviation from his scope of employment.  As such, the Court **GRANTS** the Motion as to Claims 4 through 6. These claims are **DISMISSED WITH PREJUDICE** as to City Defendants.

### B.    Claims 7 and 8

The two remaining claims are Claims 7 and 8, which allege negligent hiring, supervision, or retention and sexual harassment.  [TAC ¶¶ 118–136].  The Court considers these claims in turn.

For Claim 7, City Defendants seek dismissal of these claims by arguing that the TAC lacks any "facts as to what [their] statutory duty was, how Defendants breached their duty," as well as what notice was provided and when it was received.  [Motion at 16].  To the extent plaintiff's suggest that City Defendants knew or should have known of Office Solano's unfit character for the SRO position, the Motion argues there are no facts to support City Defendants' knowledge of such propensities.  [*Id.* at 16–17].

However, ample caselaw establishes that school personnel owe students under their supervision a protective duty of ordinary care, for breach of which the school district may be held vicariously liable.  *See, e.g.*, *Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal.3d 741, 747 (1970); *Leger v. Stockton Unified School Dist.*, 202 Cal.App.3d 1448, 1458–61 (1988).  If a supervisory or administrative employee of the school district is proven to have breached that duty by negligently exposing Plaintiff to a foreseeable danger of molestation by resulting in injury, and assuming no immunity provision applies, liability falls on the school district.

Although City Defendants owed Plaintiff a duty of ordinary care, the TAC does not contain any factual support to support City Defendants' breach of that duty.  Plaintiff is correct that City Defendants "placed Officer Solano in a role requiring daily, unsupervised, close personal contact with vulnerable minor students."  [Opp. at 20; *see also* TAC ¶ 121].  Nevertheless, the TAC makes conclusory statements as to City Defendants' awareness of Officer Solano's propensities.  Plaintiff alleges that City Defendants "failed to adequately investigate and screen Officer Solano's background, training, and fitness for service in a school environment," but provides no facts to support that Officer Solano had a prior record or propensity to engage in inappropriate or predatory conduct.  [TAC ¶ 121].  Instead, the TAC assumes that Officer Solano's unfitness

and propensity for inappropriate or predatory conduct was known to City Defendants without providing any factual basis to suggest this was in fact true.

Without more, the Court cannot draw a reasonable inference from the TAC that City Defendants breached their duty of care to Plaintiff.  The Court **GRANTS** the Motion as to Claim 7.  **Claim 7** is **DISMISSED WITH PREJUDICE.**

For Claim 8, the Court finds *K.M. v. Grossmont Union High School District* instructive.  *See K.M. v. Grossmont Union High Sch. Dist.*, 84 Cal.App.5th 717, 752 (2022) (holding that school districts are not persons liable for sexual harassment under § 51.9).  Plaintiff cannot pursue claims against City Defendants within the meaning of the California Civil Code because § 51.9 was not intended to apply to public school districts, or public entities.  *K.M.*, 84 Cal.App.5th at 753.

The Court **GRANTS** the Motion as to Claim 8.  Both Claims 7 and 8 are **DISMISSED WITH PREJUDICE** as to City Defendants.

## IV.    CONCLUSION

For the reasons explained above, the Court hereby **GRANTS** the Motion to Dismiss.  [Dkt. No. 19].  All claims against City Defendants are **DISMISSED WITH PREJUDICE**.  Plaintiff may proceed only with the claims brought against Officer Solano.

**IT IS SO ORDERED.**

CIVIL MINUTES—GENERAL                    Initials of Deputy Clerk iv